Kinsey C„ J.
On looking into the books, I have been unable to find any case to support the first ground upon which the right to costs is supported, that on a judgment in a superior court, an action cannot be maintained in one of inferior authority, except that of Middleton v. Wheeler, a short note of which is given in Comberbach 220. (a) That case also is contradicted by several authorities, (b) and in particular by Baron Gilbert who lays down the law in an entirely different manner, and points out the mode on a plea of nul tiel record, of bringing the record into the inferior court by Certiorari aud mittimus. (c) Neither do I think thát an action on a judgment, can in any respect be looked upon as a continuation of the former suit. It possesses all the characteristicks of an original and independent action: requiring an original writ, and a warrant of attorney.
The question then before the court must depend altogether upon the construction of the acts of assembly upon this subject; and in forming our opinion we must be guided by the designs and intentions of the legislature, so far as they are to be gathered from the expressions which they have employed. These acts are, first, that passed in Feb. 1747, 8. (d) the first section of which enacts “ that no person shall ,<u commence, sue or prosecute, any suit or action whatsoever ** in the supreme court, wherein the true and real sum expressed in the condition of any bond, bill, or other special- “ ty, or the true and real sum remaining upon such bond, bill, « or other specialty, or upon any matter of account, or other-<c wise howsoever shall not exceed the sum of fifteen pounds,,J otherwise the plaintiff shall have no costs. By the Bth section of the act of June 1782 (e) it is enacted “ that if any person « shall commence any suit, for any debt or demand in the “ supreme court of this state, and shall obtain a verdict or *195 Si judgment thereon which shall not amount to fifty pounds, 54 he shall not recover costs,” unless under the same exceptions as are expressed in the foregoing act.
These statutes being made in pari materia are to be considered together; and as there is no clause in the latter repealing the former, we must consider it as only operating to raise the sum within which costs ai’C not recoverable. In other respects the former is to be regarded as reflecting light upon the other, and explanatory of its meaning. In the first the words are 44 any action whatsoever” the generallity of which ovj cssion is however limited by the subsequent expressions 44 bonds, bills and accounts:” the second statute says 44 any action explaining these words by others not less comprehensi". e, debt or demand”&emdash;still, however unrestricted the expressions in the last act may be deemed, it would not I think be a forced construction to limit their operation to actions similar, or inferior in their nature to those that are particularly specified; and not to extend them to things of a superior nature, as judgments which are debts of record. This is agreeable to an ancient and acknowledged rule of construction, for when a statute, after making mention of certain specifick things, extends its operation by general words, courts of justice have uniformly held these general expressions not to extend to objects superior in their nature to those that were specially mentioned, unless the words of the statute would by such a construction be rendered wholly inoperative, Archbishop of Canterbury's Case 2 Co.46. 2 Inst. 151, 165, 6. Hardr. 462. 1 Bl. Com. 88.
The first action was properly brought in the Supreme Court, the sum demanded and for which judgment was given, being above /‘SO. and the second suit seems in many cases, cmavoidable to cany the first judgment into effect, for the recovery of the money. In actions of this nature, the venue must be laid in the county where the judgment was obtained. (a) Many and serious inconveniences would arise from throwing obstacles in the way of preventing an action being brought in the same court where the judgment was originally *196 obtained; and as we are not compelled by the letter and perhaps spirit of the acts to adopt such a construction, we are of opinion that they do not apply to this case and that the plain* tiff recover his full costs.

 Note. — “ Comberbach is a book oí no great authority.” Í Dali. 28.

 Note. — See 1 Salk 209. overruled apparently 2 Ibid 439.

 Note. — See Gilb. on the action of debt. 392. Pitt v. Knight. 1 Saund. 97.

 Allinson 159.

 Wilson 263.

 Gib. Ch. 413 Hob 369.